53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Joseph Clifford NORTHUP, Plaintiff-Appellant,
v.
Dave SAVAGE, Director, Community Corrections/Placement;
Chase Riveland, Secretary of the Dept. of Corrections;
James Spalding, Director of the Dept. of Prisons; Brian
Forbs, Community Corrections, Defendants-Appellees.
 No. 94-35784.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Northup contends that the district court's dismissal pursuant to Rule 56 was improper because he was denied any discovery. We affirm.
 
 I.
 
 3
 On September 26, 1989, Northup was convicted of violating Washington State's Uniform Controlled Substances Act. Washington law mandates "community placement" for certain offenses, including Northup's drug conviction.[1] Northup was sentenced to twenty-two months, which did not include community placement. The Department of Corrections received many offenders like Northup who should have had community placement but did not. Initially the DOC referred these cases to an appropriate county prosecuting attorney for clarification. County prosecutors usually gave such clarification low priority and rarely responded. Consequently, the Department of Corrections adopted a written policy that the community placement statute is self-executing. The policy stated that community placement is considered an implied sentence condition for an eligible offense.
 
 
 4
 After serving approximately sixteen months of his sentence, the DOC transferred Northup from total confinement to community custody status. One month later, Northup's community corrections officer learned that Northup had escaped from community supervision. The State eventually apprehended Northup and charged him with several violations of his community custody conditions.
 
 
 5
 Northup alleges that at least twelve state officers violated his civil rights by 1) extra-judicially amending his sentence to include community placement, 2) subjecting him to cruel and unusual punishment by increasing his sentence, 3) subjecting him to an unreasonable search following his escape from community placement, and 4) depriving him of his Sixth Amendment rights to counsel during his detention.
 
 
 6
 The defendants filed a Rule 12(c) motion to dismiss based on the defense of qualified immunity. In support of their motion, the defendants filed several exhibits and affidavits. The magistrate judge, acting in accordance with Rule 12(c), treated the government's motion as one for summay judgment. He then concluded that the defendants' actions were objectively reasonable, and therefore they were entitled to qualified immunity. The district court approved the magistrate judge's recommendation.
 
 
 7
 Northup appeals the district court's order. Northup's only argument on appeal, however, is that "[t]he Court's dismissal pursuant to Rule 56 was improper due to the fact that the Plaintiff was denied all discovery."
 
 II.
 
 8
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the district court's discovery rulings for abuse of discretion. Smith v. Hughes Aircraft Co., 22 F.3d 1432, 1441 (9th Cir.1993).
 
 
 9
 Northup contends that the district court erroneously granted the defendant's motion for summary judgment because Northup did not have an opportunity to conduct discovery. We disagree. The district court's pretrial order, filed December 17, 1993, required that all discovery be completed by February 14, 1994. Thus, Northup had twenty-eight days to serve his discovery requests.[2] This is adequate time for discovery.
 
 
 10
 On January 27, 1994, Northup moved to extend the time for discovery. The district court did not abuse its discretion by denying this motion. Northup had not initiated any discovery before the cutoff date. See Martel v. County of Los Angeles, 21 F.2d 940, 944 (9th Cir.1994) (finding that plaintiff had tried to conduct discovery and therefore the district court's denial of a continuance was improper). Moreover, additional discovery was not needed to resolve the motion for summary judgement. See America West Airlines, Inc. v. GPA Group, Ltd., 877 F.2d 793, 801 (9th Cir.1989) (holding that additional discovery would not have affected the jurisdictional issue). The magistrate judge concluded that the DOC's actions were reasonable in light of the plain language of the Washington statute and existing court precedent. Because the qualified immunity defense no longer involves a subjective test, Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), the magistrate judge's decision not to extend discovery was proper.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wash.Rev.Code Sec. 9.94A.120 provides:
 Sentences. When a person is convicted of a felony, the court shall impose punishment as provided in this section.
 ...
 (8)(a) When a court sentences a person to a term of total confinement to the custody of the department of corrections for ... any felony offense under chapter 69.50 ... RCW, committed on or after July 1, 1988, the court shall in addition to the other terms of the sentence, sentence the offender to a one-year term of community placement beginning either upon completion of the term of confinement or at such time as the offender is transferred to community custody in lieu of earned early release in accordance with RCW 9.94A.150(1) and (2). When the court sentences an offender under this subsection to the statutory maximum period of confinement then the community placement portion of the sentence shall consist entirely of such community custody to which the offender may become eligible, in accordance with RCW 9.94A.150(1) and (2).
 
 
 [2]
 Federal Rule of Civil Procedure 33(a) requires that answers or objections be served within thirty days after service of discovery requests. To meet the February 14th deadline and the mandates of Rule 33(a), Northup had to serve his deposition requests by January 15, 1994